## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROGER JAMES ZORN, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-324-MHT-CWB |
| | ) | |
| **ELON MUSK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Roger James Zorn, Sr., who is proceeding *pro se*, filed this action on May 1, 2025 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). By Order entered May 5, 2025 (Doc. 6), *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e).[1] Having now conducted such review, the undersigned finds that the Complaint is deficient but will afford Zorn an opportunity to cure prior to recommending dismissal. *See Silberman v. Miami Dade Transit*, 27 F.3d 1123, 1132 (11th Cir. 2019) ("'[A] [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'") (citations omitted).

**I.    Pleading Requirements**

Review under 28 U.S.C. § 1915(e) begins with an analysis of whether a complaint complies with the pleading standards applicable to all civil actions filed in federal court. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'") (citations omitted). To state a claim for relief that is plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint thus should contain a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (explaining that courts do not consider "any allegations in the complaint that are merely legal conclusions").

## II.     Jurisdictional Requirements

It is axiomatic that federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). It is presumed that claims "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In general, federal courts lack authority to consider claims unless at least one of two sources of subject matter jurisdiction is present: a federal question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, or a complete diversity of citizenship among opposing parties coupled with an amount in controversy exceeding $75,000.00, *see* 28 U.S.C. § 1332(a). When a plaintiff cannot or does not put forth sufficient jurisdictional

averments, the action should be dismissed. *See* Fed. R. Civ. P. 8(a)(1) (stating that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction") and *Gamble v. Allstate Ins. Co.*, No. 22-12861, 2023 WL 334385, *1 (11th Cir. Jan. 20, 2023) ("Because the district court had no reason to think that it had power to hear this lawsuit, it had no choice but to dismiss Gamble's amended complaint."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### III.   Discussion

This action appears to arise out of an April 29, 2023 accident wherein Zorn's son was struck and killed by an unknown motorist while walking along a stretch of highway. (*See* Doc. 1 and Doc. 1-1). The only defendant named is Elon Musk. (*See* Doc. 1). Although naming Musk as a defendant, the Complaint contains no allegations that in any manner connect Musk with the underlying events. Nor does the Complaint contain sufficient allegations to invoke subject matter jurisdiction in federal court.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). A *pro se* litigant therefore must comply with the Rule 8 requirement to file a "short and plain statement" showing both jurisdiction and

an entitlement to relief.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief … .").

Even construed liberally, the allegations in the Complaint are grossly insufficient to state a claim, as the court is unable to determine what Zorn is alleging either legally or factually against the named defendant.  *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted).  The Complaint instead contains the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that consistently have been deemed insufficient to state a plausible claim.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555-57).  In short, the court cannot address Zorn's vague and conclusory allegations, nor can the court act when subject matter jurisdiction has not been established.

### III. Conclusion

Because the Complaint fails to conform to the Rule 8 standard, it is hereby **ORDERED** that Zorn must file an Amended Complaint **no later than June 5, 2025** that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

   a. the Amended Complaint must include a short and plain statement of Zorn's claims and identify all federal and/or state causes of action that Zorn is attempting to assert;

   b. the Amended Complaint must include a short and plain statement of the basis for subject matter jurisdiction, *i.e.*, identify any federal authority giving rise to Zorn's claim(s) or allege sufficient facts to support diversity jurisdiction, which must include the citizenship[2] of each party;

---

[2] "[T]o allege the citizenship of an individual for purposes of diversity jurisdiction, a complaint must allege the state of the individual's domicile, not merely his place of residence." *Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021). "For adults, domicile is established by physical

    c. the Amended Complaint must contain specific factual allegations about the defendant's conduct (*i.e.*, what actions the defendant took that constitute the claims being asserted), clearly indicating which factual allegations provide support for which claims and noting the relevant dates of all such conduct;

    d. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and each claim founded on a separate transaction or occurrence must be stated in a separate count;

    e. the Amended Complaint must contain a demand for relief;

    f. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Zorn's claims for relief; and

    g. The Amended Complaint must be executed by Zorn consistent with Rule 11 of the Federal Rules of Civil Procedure.[3]

---

presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011).

[3] Rule 11 provides in part:
> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
> ∗∗∗

Fed. R. Civ. P. 11(b). "Rule 11 applies to pro se plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *Id.*

**Zorn is expressly cautioned that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed**. Zorn is further cautioned that the only issues before the court will be those raised in the Amended Complaint and that he will not be permitted to rely upon any allegations in the original Complaint that are not specifically included in the Amended Complaint. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (citation omitted).

Zorn is encouraged to review the "Representing Yourself" section on the court's website at http://www.almd.uscourts.gov. The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and complaint forms/instructions are also available for review on the website.

**DONE** this the 22nd day of May 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**